UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACQUES P. DELISLE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00283-PLC |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the motion filed by pro se plaintiff Jacques P. Delisle, II. (Docket No.1). Plaintiff's motion has been construed as a civil action pursuant to 42 U.S.C. § 1983. The complaint is not on a Court-provided form and plaintiff has not filed a motion to proceed in forma pauperis or paid the filing fee. For the reasons discussed below, plaintiff will be directed to file an amended complaint on a Court-provided form, following the directions set forth herein. He will further be ordered to either file a motion to proceed in forma pauperis or pay the $400 filing fee.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at the Scott County Jail in Benton, Missouri. He has filed a motion that the Court has construed as an action pursuant to 42 U.S.C. § 1983. The complaint is not on a Court-provided form.

On March 18, 2018, plaintiff alleges that Sikeston police officer Dustin A. Morse subjected him to an illegal vehicle stop and an illegal search and seizure. (Docket No. 1 at 1). He also claims that Officer Morse: wrote a false probable cause affidavit; did not show plaintiff any evidence until at the police station; did not field test evidence in plaintiff's presence; questioned plaintiff without first reading him the *Miranda* warnings; and kidnapped plaintiff and "held [him] hostage for ransom by [i]llegal means." (Docket No. 1 at 1-2). In short, plaintiff asserts that Officer Morse is "a crooked cop who broke the law, violated his Oath of Office and [plaintiff's] Constitutional Rights." (Docket No. 1 at 2).

Plaintiff further states that prosecutors Paul Boyd and Zack Horack have maliciously prosecuted him and are "using the law" to violate his constitutional rights. Similarly, plaintiff claims that the public defender system is corrupt, and that his attorney has refused to adequately and effectively file and argue the motions necessary to defend his constitutional rights. He states that he has sought relief from the court, and has written the head public defender's office, the Supreme Court, the disciplinary counsel, the bar association, and the attorney general, but that no one will help. Plaintiff also asserts that his "case is never discussed" and that court dates "are continually pushed off [for] months at a time."

## Discussion

Plaintiff's motion has been construed as a civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is defective because it is not on a Court-provided form, it does not properly identify the defendants to be sued, and does not indicate the capacities of the defendants. Furthermore, plaintiff has failed to file a motion to proceed in forma pauperis or pay the $400 filing fee. Because plaintiff is proceeding pro se, he will be given the opportunity to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print the amended complaint on the Court-provided form that will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the

dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff must also file a motion for leave to proceed in forma pauperis along with a financial affidavit or pay the $400 filing fee. *See* 28 U.S.C. § 1915(a)(1). If plaintiff wishes to proceed in forma pauperis, he must also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis - Prisoner Cases form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis, along with a certified inmate account statement, within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

                                                 PATRICIA L. COHEN
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2019